UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN M. DISANO,

        Plaintiff,

v.                              Case No. 13-10730

GREEKTOWN CASINO, LLC,      HON. TERRENCE G. BERG
                                      HON. MICHAEL J. HLUCHANIUK

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Greektown Casino's April 5, 2013 motion to dismiss for failure to state a claim upon which relief can be granted. The parties have fully briefed the motion, and oral argument was heard on May 29, 2013.

For the reasons set forth below, it is ORDERED that Defendant's motion to dismiss (Dkt. 9) is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE. It is FURTHER ORDERED that any motion to amend the complaint must be filed in this case, with a copy of the proposed amended complaint, on or before July 29, 2013, or a judgment of dismissal with prejudice will be entered by the Court.

### I.    FACTUAL BACKGROUND

Plaintiff Susan Disano is a Native American woman and a resident of Michigan, who was formerly a supervisory employee at Greektown Casino. (Compl. ¶¶ 1–5.)

Defendant Greektown Casino, LLC, is a Michigan company that operates the Greektown Casino in Detroit, Michigan, and the former employer of Plaintiff. (Compl. ¶ 2.)

On or around March 7, 2012, Plaintiff's employment with Defendant was terminated. (Compl. ¶ 3.) At that time she was 40 years of age. (Compl. ¶ 4.) Plaintiff alleges that her race was a significant factor in the termination of her employment. (Compl. ¶ 5.) She "filed charges of discrimination with the Equal Employment Opportunity Commission alleging race discrimination in violation of Title VII of the Civil Rights Act and violation of the Americans With Disabilities Act of 1990 as amended," and "received her Right to Sue Letter shortly after December 4, 2012, and this lawsuit [was] timely filed within the 90-day limitation period." (Compl. ¶¶ 6–7.)

On February 20, 2013, Plaintiff filed this Complaint alleging the following seven counts: (1) race discrimination in violation of 42 U.S.C. § 2000e-2; (2) race discrimination in violation of Michigan Compiled Laws § 37.2202; (3) retaliation in violation of Michigan Compiled Laws § 37.2701; (4) discrimination and retaliation in violation of the Family Medical Leave Act; (5) discrimination and harassment in violation of the Americans with Disabilities Act of 1990, specifically 42 U.S.C. § 12112(a); (6) discrimination and harassment in violation of the Michigan Persons with Disabilities Civil Rights Act, specifically Michigan Compiled Laws § 37.1202; and (7) age discrimination in violation of Michigan Compiled Laws § 37.2202.

## II.     LEGAL STANDARD

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *See Ziegler v IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3)

3

documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).

### III. ANALYSIS

For the reasons explained below, Plaintiff has failed to state a claim upon which relief can be granted. All seven counts of her complaint, and thus the entire matter, must therefore be dismissed.

**A. Counts I and II: Race Discrimination Claims Under 42 U.S.C. § 2000e-2 and Michigan Compiled Laws § 37.2202.**

Counts I and II of Plaintiff's complaint allege that Defendant violated 42 U.S.C. § 2000e-2 and Michigan Compiled Laws § 37.2202 by discriminating against Plaintiff during her employment and by terminating her employment because of her race. These statutes make it unlawful for an employer to, among other things, "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).[1] Defendant contends that Plaintiff has failed to identify any conduct proscribed by the statutes and that her complaint does not

---

[1] The language of Michigan Compiled Laws § 37.2202 is slightly different, but, for the purposes of this order, effectively the same.

contain factual allegations sufficient to support an employment-discrimination claim. (Def.'s Mot. Dismiss 5.)

To survive a motion to dismiss for an employment-discrimination claim, a plaintiff "[is] not required to plead facts establishing a prima facie claim for relief." *Lindsay v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007). Instead, "an employment-discrimination plaintiff satisfies her pleading burden by drafting a 'short and plain statement of the claim' consistent with Rule 8(a)." *Id.* The Court must, however, also apply the plausibility standard from *Iqbal*: "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

1. Plaintiff has failed to plead facts establishing a violation of 42 U.S.C. § 2000e-2.

In Count I, Plaintiff alleges that: (1) she is Native American; (2) "Defendant through management violated 42 U.S.C. 2000e-2 by discriminating against the Plaintiff in the workplace during the course of her employment[,] . . . terminating her employment[,] and basing employment decisions or conditions on the Plaintiff because of race"; (3) "Defendant engaged in a pattern or practice of eliminating Native American and Caucasian employees because of their race" and that "[m]anagement, in the area in question where discrimination occurred, consisted primarily of African Americans"; and (4) "the employees eliminated were in supervisory positions." (Compl. ¶¶ 4, 10–12.) Of those, the only allegations entitled to the presumption of truth are that Plaintiff is a Native American, that the

5

terminated persons were in supervisory positions, and, possibly, that management consisted primarily of African American employees—the remaining allegations are conclusory and thus not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 664; *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012) (finding that "vague and conclusory allegations that [defendant] acted with 'a discriminatory intent, purpose, and motivation' . . . [did] not transform [plaintiffs'] otherwise insufficient factual pleadings into allegations that support an inference of discriminatory animus."); *Fernanders v. Michigan Dep't of Military & Veteran Affairs*, No. 12-CV-11752, 2012 WL 6088311, at *3 (E.D. Mich. Dec. 6, 2012) (finding that an allegation that Defendant discriminated against Plaintiff "due to [Plaintiff] being Black" was conclusory and not sufficient to establish plausibility).

A race discrimination claim cannot be plausibly made by alleging only that the Plaintiff is Native American, the terminated employees were supervisors, and that management is mostly African American employees. The allegations that Defendant violated 42 U.S.C. § 2000e-2 and developed a "pattern and practice" of race-based terminations are plainly conclusory.[2] Thus, Plaintiff's claim lacks "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Merely pleading facts that are

---

[2] An allegation that there is a "pattern and practice" of discriminatory terminations is generally not an allegation that can be used to prove an individual claim of employment discrimination. *See Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004) ("[T]he pattern-or-practice method of proving discrimination is not available to individual plaintiffs. We subscribe to the rationale that a pattern-or-practice claim is focused on establishing a policy of discrimination; because it does not address individual hiring decisions, it is inappropriate as a vehicle for proving discrimination in an individual case.") "Pattern-or-practice evidence may," however, "be relevant to proving an otherwise-viable individual claim for disparate treatment under the McDonnell Douglas framework." *Id.* Nevertheless, without further factual support this allegation is conclusory and not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 664; *HDC, LLC*, 675 F.3d at 611, 613.

consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." *HDC, LLC*, 675 F.3d at 611 (internal citations omitted) (quoting *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010)).

Plaintiff alleges that she was fired because of her race, but she does not offer a single fact in support of that allegation other than that she is Native American and the management is mostly African American. Plaintiff clearly believes that she was fired because of her race, but she has not explained *why* that is so—she has not provided "factual content . . . to allow the court to draw [a] reasonable inference" that her claim is plausible. *Id.* Count I of the complaint therefore fails to state a claim.

> 2. Plaintiff has failed to plead facts to establish a violation of Michigan Compiled Laws § 37.2202.

Plaintiff makes the following additional allegations as to Count II: (1) her race was "a significant factor in the termination of Plaintiff's employment and the way she was treated while employed" (Compl. ¶ 14); and (2) "Defendant through management violated MCLA 37.2202" (Compl. ¶ 15).

Both of these additional allegations are plainly conclusory. *See Iqbal*, 556 U.S. at 664; *HDC, LLC*, 675 F.3d at 611, 613; *see also* subsection A(1) above.

Plaintiff has failed to plead facts sufficient to state a plausible claim under Count II as well, therefore both Counts I and II must be dismissed. *See, e.g.*, *Iqbal*, 556 U.S. at 678.

7

B.   **Count III: Retaliation in Violation of Michigan Compiled Laws § 37.2701.**

Plaintiff's third count alleges that Defendant's managers discriminated against Plaintiff by retaliating against her for complaining of race discrimination, violating Michigan Compiled Laws § 37.2701. Defendant argues that this claim is conclusory and fails to state a claim.

A plaintiff who alleges retaliatory discharge under section 37.2701 must ultimately show: (1) that the plaintiff engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. *See Cooney v. Bob Evans Farms, Inc.*, 645 F. Supp. 2d 620, 635 (E.D. Mich. 2009) (citing *Barrett v. Kirtland Cmty. Coll.*, 628 N.W.2d 63, 70 (Mich. App. 2001)).

Here, Plaintiff has made the following additional allegations: (1) she "complained to management that she was being discriminated against on the basis of her race among other things" (Compl. ¶ 17); (2) Defendant retaliated against her for making her complaints of race discrimination (Compl. ¶ 18); and (3) "Defendant through management violated MCLA 37.2701" (Comp. ¶ 19).

The first and second of these new allegations together arguably satisfy the first, second, and third elements of a retaliatory discharge claim. But the fourth requirement—that there was a causal connection between Plaintiff's complaining about being discriminated against and the alleged retaliatory activity—is not met. Plaintiff fails to include any factual allegations that lead the Court to plausibly

believe management retaliated because of Plaintiff's complaints. As is the case with Counts I and II, Plaintiff clearly asserts a belief that she was retaliated against because of her alleged complaints, but she has not offered a factual foundation to explain *why* that is so—she has not provided "factual content . . . to allow the court to draw [a] reasonable inference" that her claim is plausible. *HDC, LLC*, 675 F.3d at 611.

The third new allegation ("Defendant through management violated MCLA 37.2701," Compl. ¶ 19) is plainly conclusory.

As to Count III, Plaintiff has failed to plead facts sufficient to state a plausible claim, therefore that claim must be dismissed. *See, e.g.*, *Iqbal*, 556 U.S. at 678.

C. **Count IV: Discrimination and Retaliation in Violation of the Family Medical Leave Act.**

In Count IV, Plaintiff alleges that Defendant's managers discriminated against, retaliated, and fired her for asserting her rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq*. Defendant argues that Plaintiff's factual allegations are conclusory and fail to state a claim.

To establish a retaliation claim under the FMLA, a plaintiff

> must demonstrate that: (1) she was engaged in an activity protected by the FMLA; (2) the employer knew that she was exercising her rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action.

*Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 556 (6th Cir. 2006) (citing *Arban v. West Publishing Corp.*, 345 F.3d 390, 404 (6th Cir. 2003)).

Here, Plaintiff makes the following additional allegations: (1) she "was required to intermittently take time off from work for a serious medical condition which was a qualifying medical condition under the [FMLA]" (Compl. ¶ 21); (2) "under the FMLA the Plaintiff was an eligible employee and the Defendant was 'an employer'" (Compl. ¶ 22); (3) "at times when Plaintiff was required to take family medical leave she was entitled to [it]" (Compl. ¶ 23); (4) Defendant's management "made negative and discriminatory statements to Plaintiff regarding her asserting rights to which she was entitled under the FMLA" (Compl. ¶ 24); (5) Defendant offered supervisory employees "training from management wherein it was plain that the Defendant's management wanted to 'set up' employees . . . who asserted rights under the FMLA, for disciplinary action, including termination of employment" (Compl. ¶ 25); (6) Defendant "discriminated and retaliated against the Plaintiff by harassing her during the course of her employment and ultimately terminating [her] employment, a significant factor being [her] assertion of her rights under the act" (Compl. ¶ 26); and (7) "Defendant's management has discriminated against other employees who have asserted their right to family medical leave under the Act" (Compl. ¶ 27).

Taken together, these allegations amount to the best pleaded of Plaintiff's claims, yet the whole still falls just short of stating a claim upon which relief can be granted. *See, e.g.*, *Iqbal*, 556 U.S. at 678. As numbered above, at least the fourth and sixth allegations are conclusory. Further, Plaintiff has not alleged how the fifth and seventh allegations support her claim that Defendant discriminated or

retaliated against *her*.³ The remaining allegations, one through three—that she took and was entitled to FMLA leave and that the statute applied—are not enough to support the claim. *HDC, LLC*, 675 F.3d at 611.

If she chooses to move to amend the complaint, Plaintiff should allege facts capable of supporting a plausible belief that she was fired due to her exercising FMLA rights. For example, Plaintiff should provide facts: (1) identifying the "serious medical condition" and explaining how it meets the requirements of the FMLA; (2) identifying, with at least some additional specificity, which "management" personnel made the "negative and discriminatory statements" to her and what those statements were; and (3) showing why she believes the alleged discrimination was due to her "asserting rights under the [FMLA]."

### D. Counts V and VI: Disability Discrimination in Violation of 42 U.S.C. § 12112 and Michigan Compiled Laws § 37.1101.

Plaintiff's fifth and sixth counts assert that Defendant managers violated the American's with Disabilities Act (ADA) and Michigan's Persons with Disabilities Civil Rights Act (PWDCRA). Defendant argues that the claim should be dismissed because Plaintiff fails to allege facts sufficient to support the claim.

A claim under the PWDCRA "'substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim.'" *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012) (quoting

---

³ As currently stated, these allegations may well be relevant to showing Defendant's conduct and state of mind concerning FMLA rights, however, without facts that connect such attitudes and practices to the action taken against Plaintiff, these allegations remain insufficient to state a claim upon which relief can be granted.

*Cotter v. Ajilon Servs., Inc.*, 287 F.3d 593, 597 (6th Cir. 2002)). For a successful disability claim under the ADA, a plaintiff "must prove that (1) she has a disability; (2) she was qualified for the job; and (3) she either was denied a reasonable accommodation for her disability or was subject to an adverse employment decision that was made solely because of her disability." *Roush v. Weastec, Inc.*, 96 F.3d 840, 843 (6th Cir. 1996).

The ADA defines disability generally as "a physical or mental impairment that substantially limits one or more of the major life activities of such [an] individual." 42 U.S.C. § 12102(1)(A). The ADA also defines "major life activities," and they include walking, standing, concentrating, thinking, and communicating. 42 U.S.C. § 12102(2)(A).

Plaintiff makes the following additional allegations under Counts V and VI: (1) she had a "medical condition qualified as a disability under the American[s] With Disabilities Act of 1990" and that disability "was unrelated to her ability to perform the duties of her [job]" (Compl. ¶ 29); (2) Defendant "discriminated against [her] on the basis of her disability with regard to terms, conditions[,] and privileges of employment" and by "terminating her employment in violation of 42 U.S.C. § 12112(a)" (Compl. ¶ 30); (3) her disability was also "a qualifying disability under the Michigan Persons with Disabilities Civil Rights Act" and unrelated to "her abilit[y] to perform her supervisory job" (Compl. ¶ 32); (4) "Defendant through management violated the PDRCA by harassing and discriminating against [her] while employed

12

and in terminating [her] employment" (Compl. ¶ 33); and (5) "Defendant through management specifically violated MCLA 37.1202" (Compl. ¶ 34).[4]

Taken together, these allegations fall short of stating a claim upon which relief can be granted. *See, e.g.*, *Iqbal*, 556 U.S. at 678. As numbered above, at least the second, fourth, and fifth allegations are conclusory. The remaining allegations, one and three—that she has a disability under both statutes—are not enough to support the claim. *HDC, LLC*, 675 F.3d at 611.

In any amended complaint, to make out a plausible claim under these statutes, Plaintiff should allege facts: (1) identifying her disability and explaining how it meets the requirements of each statute; (2) identifying, with at least some additional specificity, which management personnel discriminated against her and how; and (3) articulating why she believes the alleged discrimination was due to her disability.

### E.     Count VII: Age Discrimination in Violation of Michigan Compiled Laws § 37.2202.

In Count VII, Plaintiff alleges age discrimination under Michigan's Elliott-Larsen Civil Rights Act (ELCRA), a violation of Michigan Compiled Laws § 37.2202. Defendant argues that Plaintiff has not identified any facts that would plausibly show she was discriminated against because of her age.

A plaintiff alleging retaliation in violation of the ELCRA must establish the following elements: "'(1) that the plaintiff engaged in a protected activity, (2) that

---

[4] Allegations one and two were made under count five, while allegations three through five were made under count six.

this was known by the defendant, (3) that the defendant took an employment action adverse to the plaintiff, and (4) that there was a causal connection between the protected activity and the adverse employment action.'" *In re Rodriguez*, 487 F.3d 1001, 1011 (6th Cir. 2007) (quoting *Barrett v. Kirtland Cmty. Coll.*, 628 N.W.2d 63, 70 (2001)). "To establish causation, the plaintiff must show that his participation in activity protected by the [ELCRA] was a significant factor in the employer's adverse employment action, not just that there was a causal link between the two." *Id.*

Here, Plaintiff further alleges that: (1) she "was 40 years of age at the time her employment was terminated" (Compl. ¶ 36); (2) her age was "a significant factor in the termination of [her] employment and the way she was treated while employed by Defendant" (Compl. ¶ 37); (3) Defendant "exhibited in 2012 and prior thereto a pattern and practice of discriminating against other management employees on the basis of their age" (Compl. ¶ 38); and (4) Defendant "violated MCLA 37.2202" (Compl. ¶ 39).

Taken together, these allegations fall well short of stating a claim upon which relief can be granted. *See, e.g.*, *Iqbal*, 556 U.S. at 678. As numbered above, at least the second and fourth allegations are conclusory. Further, Plaintiff has not alleged how the third allegation supports her claim that Defendant discriminated or retaliated against *her*. *See supra* note 2. The remaining allegation, the first—that she was 40 at the time her employment was terminated—is plainly not enough to support the claim. *HDC, LLC*, 675 F.3d at 611.

## CONCLUSION

Accordingly, it is ORDERED that Defendant's motion to dismiss (Dkt. 7) is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE. It is FURTHER ORDERED that any motion to amend the complaint must be filed in this case, with a copy of the proposed amended complaint, on or before August 2, 2013, or a judgment of dismissal with prejudice will be entered by the Court.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2013

### Certificate of Service

I hereby certify that this Order was electronically submitted on July 12, 2013, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb<br>
Case Manager